UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THEODORE E. MUSGROVE,

              Petitioner,

    v.

RUSSELL B. ROSS, et al.,

              Respondents.

Case No. 1:24-cv-00546-AKB

**INITIAL REVIEW ORDER**

Petitioner Theodore E. Musgrove has filed a Petition for Writ of Habeas Corpus (Dkt. 1). The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

<strong>REVIEW OF PETITION</strong>

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily

disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied*

*sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024).

**2.      Discussion**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of

that custody," and "the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)

("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or

duration' of confinement.") (citing *Preiser*, 411 U.S. at 484). Conversely, a civil rights action

under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's

conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's claim does not

lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at

all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931

(9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

In the instant Petition, Petitioner does not challenge the validity of the conviction for which

he is incarcerated. Instead, he asserts that correctional officers repeatedly kick his cell door, issue

him unlawful disciplinary offense reports, and do not ensure Petitioner's bodily privacy. (*See*

*generally* Dkt. 1). The remedy for these alleged violations would not be an "immediate" or

"speedier" release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of

monetary damages or an order requiring the cessation of unconstitutional activities. Because this

type of claim "does not lie at the core of habeas corpus," the Petition is subject to dismissal.[1]

---

[1]      This is not Petitioner's first habeas petition asserting noncognizable conditions of confinement claims. *See Musgrove v. Ross*, No. 1:24-cv-00522-AKB (D. Idaho, filed Oct. 24, 2024); *Musgrove v. Blades*, No. 1:24-cv-00532-AKB (D. Idaho, filed Nov. 1, 2024).

*Nettles*, 830 F.3d at 931. If Petitioner intends to pursue his conditions-of-confinement claims, he

may file a separate civil rights lawsuit.[2]

## ORDER

**IT IS ORDERED:**

1.     Because the Petition for Writ of Habeas Corpus asserts claims that are

noncognizable—meaning they cannot be heard in federal habeas proceedings—this

action is DISMISSED without prejudice.

2.     The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c);

Habeas Rule 11.

DATED: January 27, 2025

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge

---

[2]     The Court notes that Petitioner already has a habeas corpus petition pending in this Court. *See Musgrove v. Tewalt*, No. 1:24-cv-00394-BLW (D. Idaho, filed Aug. 26, 2024). If Petitioner has additional habeas claims he intends to pursue, he should move to amend the petition in that case to assert any such claims.